UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHA-HEED RAHMAN, 90-A-0409,

                Plaintiff,

                              DECISION AND ORDER
    -v-                              04-CV-6368 CJS

GLENN S. GOORD, et. al.,

                Defendants.

_____

INTRODUCTION

On January 28, 2010, this action was terminated by stipulation of settlement (Docket No. [#97]).[1] Eighteen months later, on July 27, 2011, the Court received a letter from Plaintiff, requesting injunctive relief concerning problems that he is experiencing at Clinton Correctional Facility ("Clinton"). The application is denied.

BACKGROUND

Plaintiff, a Shi'ite Muslim prison inmate, sued officials of the New York State Department of Corrections ("DOCS") for alleged violations of his right of religious freedom, pursuant to 42 U.S.C. § 1983 (First and Fourteenth Amendments to the United States Constitution), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and the Constitution of the State of New York. Specifically, Plaintiff claimed that he was entitled to a Shiite Muslim Jumah service that

---

[1]Due to an administrative oversight, the action was not terminated by the Clerk of the Court until January 24, 2011.

was separate from the Sunni Muslim Jumah service. In January 2010, the parties executed a settlement agreement, and on January 21, 2011, the Court dismissed the action as settled. Recently, Plaintiff moved to reopen this action, and the Court denied that application. Consequently, this action remains closed.

On July 27, 2011, the Court received a letter from Plaintiff, who is currently housed at Clinton. Plaintiff asks that his letter be treated as a motion for injunctive relief. Plaintiff states that Lieutenant Kelly ("Kelly") is retaliating against him by "denying him a chance to program," and by preventing him from working in Clinton's law library. Plaintiff further states that Corrections Officer Mahuta ("Mahuta") suspects that he is the leader of a Shia Muslim group, and is investigating him and accusing him of various misconduct. Plaintiff claims to be afraid that Muhuta is going to plant contraband in his cell. Neither Kelly nor Mahuta were parties to this action. Additionally, Plaintiff claims that he is not being given the chance to complete certain programming that he needs in order to obtain parole. Plaintiff contends that all of the problems he is experiencing are in retaliation for his prior lawsuit and settlement agreement.

ANALYSIS

To the extent that Plaintiff is asking the Court to reopen this action, that request has already been denied by a separate Decision and Order. To the extent that he is seeking injunctive relief, his request is also denied.

At the outset, it is clear that the submissions of a pro se litigant "must be construed liberally," to raise the strongest arguments that they suggest. *See*, *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007) (citation omitted). The standard for considering an application for a preliminary injunction is well settled:

> In general, to secure a preliminary injunction, the moving party must demonstrate: (1) irreparable harm, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor.  A party moving for a mandatory injunction that alters the status quo by commanding a positive act must meet a higher standard, however.  That is, in addition to demonstrating irreparable harm, the moving party must make a clear or substantial showing of a likelihood of success on the merits, a standard especially appropriate when a preliminary injunction is sought against government.

*D.D. ex rel. V.D. v. New York City Bd. of Educ.*, 465 F.3d 503, 510 (2d Cir. 2006) (citations and internal quotations omitted).

Moreover, the injunctive relief requested must relate to the subject matter of the lawsuit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.  Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citations omitted); see also, *Grullon v. Reid*, No. 97 CIV. 7616 (RWS), 2000 WL 648891 at *1 n. 1 (S.D.N.Y. May 19, 2000) ("[The inmate plaintiff] has . . . submitted a letter motion in which he seeks preliminary injunctive relief ordering the Bureau of Prisons to cease various forms of retaliation against him for his pending litigations against the government. However, there is no relationship between the injury claimed in [plaintiff's] letter motion and the conduct asserted in the complaint in this action. Preliminary injunctive relief is therefore improper.") (citing *Devose v. Herrington*), *aff'd*, 22 Fed.Appx. 70 (2nd Cir. Nov. 28, 2001).

Here, even crediting plaintiff's contentions concerning Kelly and Mahuta, his

request for injunctive relief has little connection to his claims of religious discrimination concerning Jumah services. In any event, the specific injunctive relief that Plaintiff is seeking is a re-opening of this action, which has already been denied by the Court. Moreover, the Court does not have personal jurisdiction over Kelly or Mahuta. *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.") (citation omitted). Consequently, plaintiff is not entitled to injunctive relief.

## CONCLUSION

Plaintiff's letter application for injunctive relief is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

So Ordered.

Dated: Rochester, New York
     August 2, 2011      ENTER:


                                      /s/ Charles J. Siragusa

                                      CHARLES J. SIRAGUSA
                                      United States District Judge